IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW B. JONES,
DOC # 191172,

    Petitioner,

v.                                          CASE NO. 1:20-cv-87-AW-GRJ

STATE OF FLORIDA,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Petitioner initiated this case on April 17, 2020, when he filed a motion for extension of time to file a federal habeas petition pursuant to 28 U.S.C. § 2254. ECF No. 1. On April 20, 2020, the undersigned denied Petitioner's motion and afforded him the opportunity to (1) file a federal habeas petition and pay the requisite filing fee (or request leave to proceed as a pauper); or (2) voluntarily dismiss this case. ECF No. 2. Petitioner has, nevertheless, failed to act, thus warranting dismissal.

    This case should be dismissed for two reasons. First, the Court lacks subject-matter jurisdiction. It is well-established that the subject-matter jurisdiction of federal courts is limited to actual cases and controversies. U.S. Const. art. III, 1–2; *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th

Cir. 2001). And the timeliness of a yet-to-be filed federal habeas petition does not present a case or controversy for the Court to resolve. *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014). Simply put, "[f]ederal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do *if* an action were filed." *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) (emphasis in original); *see also Myers v. Hodges*, No. 3:17-cv-RV-CJK, 2017 WL 976631, at *1 (N.D. Fla. Feb. 9, 2017), *report and recommendation adopted*, 2017 WL 970274, at *1 (Mar. 13, 2017) ("The court cannot provide petitioner legal advice or an advisory opinion concerning whether his state court filing satisfies the exhaustion requirement, the timeliness of a prospective federal habeas petition not yet filed, how the federal habeas statute of limitations will be calculated, or whether statutory or equitable tolling will apply.").

The Court, therefore, should dismiss this matter *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated

to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.").

Second, Petitioner has abandoned the prosecution of this action. The Court notified Petitioner of several procedural defects in his initial filing—namely, that he did not use the approved form for a petition for habeas corpus under 28 U.S.C. § 2254, N.D. Fla. Loc. R. 5.7(A), and did not pay the filing fee (or file a motion to proceed *in forma pauperis*), N.D. Fla. Loc. R. 5.3. ECF No. 2. Petitioner has failed to remedy these defects, notwithstanding ample time to do so. This case is therefore due to be dismissed. *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (holding a district court may *sua sponte* dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) when the plaintiff fails to prosecute or comply with a court order).

Accordingly, it is respectfully **RECOMMENDED** that this matter should be **DISMISSED** for lack of jurisdiction and failure to prosecute.

**IN CHAMBERS** this 9th day of June 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.